# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# CLARKSBURG DIVISION

ANDREW PETER ARTHUR

    *Plaintiff,*

v.                                                                   1:13-cv-7
                                                                         (Judge Keeley)

C/O JAMES MILLER,
CPL. C. CRISEL,
WEST VIRGINIA DIVISION OF CORRECTIONS,

    *Defendants.*

## Report and Recommendation
## 42 U.S.C. § 1983

On January 17, 2013, the *pro se* plaintiff Andrew Arthur initiated this case by filing a *pro se* civil rights action against the defendants noted above. (Doc. 1). In the complaint, defendant alleges that the defendants violated his Eighth Amendment protections against cruel and unusual punishment in a single incident which occurred on October 6, 2011. (Doc. 6, p. 10). On January 17, 2013, this Court issued a Notice of Deficient Pleading, instructing the plaintiff to file his complaint on the court-approved form. (Doc. 4). Plaintiff subsequently filed his Court-Approved Motion on February 4, 2013. (Doc. 6). On February 5, 2013, the plaintiff was granted leave to proceed *in forma pauperis*, with his initial partial filing fee of ($5.36) five dollars and thirty-six cents due within (28) twenty-eight days. (Doc. 10). The plaintiff's initial partial filing fee was received on February 25, 2013. Therefore, this matter is now before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915(e).

### I.   Standard of Review

The plaintiff is a prisoner seeking relief from a governmental entity or a governmental

employee. (Doc. 1. p.1). Therefore, the Court must perform a judicial review of this complaint, and shall dismiss this case if the Court finds it to be frivolous or malicious, if it fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such a judgment. 28 U.S.C. § 1915A(b).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Johnson v. Silvers*, 742 F.2d 823, 824 (4th Cir. 1984)(holding that a court may not dismiss an *in forma pauperis* claim as frivolous "unless it finds that the plaintiff would not be entitled to relief 'beyond doubt,' and under any arguable construction, both in law and in fact."). However, a complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous, *see id* at 328*,* as *pro se* allegations are to be construed in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 319, 325 (1972). Courts may dismiss an *in forma pauperis* complaint for frivolity only when the *pro se* plaintiff presents them with "a claim based on an indisputably meritless legal theory," *Denton v. Hernandez*, 504 U.S. 25, 32 (1992), or a "fantastic or delusional" factual scenario. *Neitzke* at 328.

## II.    Analysis

42 U.S.C. § 1983, while creating no rights in and of itself, provides a "method for vindicating federal rights elsewhere conferred." *Kendall v. City of Chesapeake, Va.*, 174 F.3d 437, 440 (4th Cir. 1999)(quoting *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Therefore, in order to state a claim under § 1983, a plaintiff must "allege the violation of a right preserved by another federal law or by the Constitution." *Id.* In this case, the plaintiff alleges that Correctional Officer Miller employed excessive force by spraying mace into the plaintiff's eyes, striking his head against the wall, and causing him to stand in an uncomfortable position for

hours at a time due to the plaintiff's failure to properly address medical staff. (Doc. 6, p. 7). The plaintiff also alleges Corporal Crisel was complicit in the violation of his rights by failing to act (Doc. 6, p. 8), and that the named officers and others told other inmates of his status as a sex offender, intending to cause him harm by doing so. (Doc. 6, p. 8). The plaintiff alleges these actions rise to the level of a violation of his Eighth Amendment protections against cruel and unusual punishment.

**A. The West Virginia Division of Corrections is not a Proper Defendant**

42 U.S.C. § 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other persons within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the Plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. *See Rendall-Baker v. Kohn*, 547 U.S. 830, 838 (1982). In the alternative, a plaintiff may state a claim through a showing that a governmental entity deprived him of his rights when the cause of the plaintiff's grievance "may be fairly said to represent official policy." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978).

The West Virginia Division of Corrections is not a proper defendant because it is not a

person subject to suit under 42 U.S.C. § 1983. *See Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amendable to suit under 42 U.S.C. 1983). The plaintiff has additionally not identified any facts which would tend to show that the alleged conditions of which he complains are the execution of official organizational policy. *See Monell* at 694. Accordingly, the plaintiff's claims against the West Virginia Division of Corrections should be dismissed.

**B. The Plaintiff has Failed to Exhaust Administrative Remedies**

The Prison Litigation Reform Act (PLRA) requires that "[n]o action shall be brought with respect to prison conditions under section 1983 or this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see also *Booth v. Churner*, 532 U.S. 731, 736 (2001). Though once at the discretion of the court, exhaustion is now mandatory under § 1997e(a), pursuant to the enactment of the PLRA[1], and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[2] and is required even when the relief sought is not available. *Booth* at 741; *see also McCarthy v. Madigan*, 503 U.S. 140, 144 (1992)("Where Congress specifically mandates, exhaustion is required"). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citing *Booth* at 741) (emphasis supplied).

The PLRA's exhaustion requirement serves three main purposes: (1) to "eliminate unwarranted federal court interference with the administration of prisons"; (2) to "afford

---

[1] *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).

[2] *Porter* at 524.

corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits." *Woodford v. Ngo*, 126 S. Ct. 2378, 2382 (2006). Pursuant thereto, "the PLRA exhaustion requirement requires *full* and *proper* exhaustion." *Id.* at 2387 (emphasis supplied). Full and proper exhaustion includes meeting all the time and procedural requirements of the prison grievance system. *See id* at 2393.

WVDOC Policy Directive 335.00 established a three level grievance process for prisoners to grieve their complaints in an attempt to resolve the prisoners' issues. The first level involves filing a G-1 Grievance Form with the Unit Supervisor. If the inmate receives no response or is unsatisfied with the response received at Level One, the inmate may proceed to Level Two by filing a G-2 Grievance Form with the warden/administrator. Finally, the inmate may appeal the Level 2 decision to the Commissioner of the Division of Corrections. In order to be timely filed, the inmate grievance procedure must be initiated within (15) fifteen days of the occurrence which caused him to file a grievance. *See* W. Va. C.S.R. § 90-9-4.1. Should an inmate fail to comply fully with the provisions set forth in the applicable regulations, he shall be considered to have failed to exhaust his administrative remedies. *See* W. Va. C.S.R. § 90-9-3.4.

In *Jones v. Bock*, the Supreme Court of the United States concluded that "failure to exhaust is an affirmative defense under PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). However, it is a well established Fourth Circuit principle that "the district court's authority to *sua sponte* dismiss an *in forma pauperis* complaint frivolous [is] broad enough to permit the court to dismiss a complaint on the basis of an affirmative defense that was apparent from the facts alleged in the complaint." *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.3d

674, 681-82 (4th Cir. 2005)(citing *Nasim v. Warden*, 64 F.3d 951, 954-55 (4th Cir. 1995)).

In this case, the plaintiff initiated the first step of the WVDOC administrative grievance procedure on January 4, 2012 to resolve a grievance surrounding an incident which occurred on October 6, 2011. (Doc. 6, p. 16). The plaintiff's grievance procedure did not begin until (90) ninety days after the incident occurred, well outside of the (15) fifteen day limit proscribed by administrative regulation. *See* W. Va. C.S.R. 90-9-4.1. Accordingly, his grievance was denied at the warden's level as untimely. (Doc. 6-5). Likewise, the grievance was rejected as being filed untimely by the Office of the Commissioner under policy directive 335.00. Moreover the response from the Central Grievance Review because "**[t]HE INMATE FAILED TO GRIEVE THIS MATTER WITHIN THE TIME FRAMES HE HAS NOT EXHASTED HIS ADMINISTRATIVE REMEDIES**." (Doc. 6-6) (emphasis in original).Accordingly, it clear from the complaint and exhibits that the plaintiff failed to comply with the administrative provision governing timeliness, and he has therefore failed to exhaust his administrative remedies. *See* W. Va. C.S.R. 90-9-3.4.

Despite the fact that the Supreme Court has stated that it "will not read futility or other exceptions into statutory exhaustion requirements . . . ,"*see Booth v. Churner*, 532 U.S. at 741, n. 6, several courts have found that the mandatory exhaustion requirement may be excused in certain limited circumstances. *See Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003) (summary dismissal for failure to exhaust not appropriate where prisoner was denied forms necessary to complete administrative exhaustion);*Ziemba v. Wezner*, 366 F.3d 161 (2d Cir. 2004) (defendant may be estopped from asserting exhaustion as a defense, where the defendant's actions render the grievance procedure unavailable);*Aceves v. Swanson*, 75 Fed.Appx. 295, 296 (5th Cir. 2003) (remedies are effectively unavailable where prison officials refuse to give inmate grievance

forms upon request);*Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy is not available within the meaning of § 1997e(a) when prison officials prevent a prisoner from utilizing such remedy); *Dotson v. Allen*, 2006 WL 2945967 (S.D.Ga. Oct. 13, 2006) (dismissal for failure to exhaust not appropriate where Plaintiff argues that failure to exhaust was direct result of prison official's failure to provide him with the necessary appeal forms).

Here, it is clear that the plaintiff has failed to exhaust his administrative remedies. Additionally, to the extent, that exhaustion may be waived, the plaintiff has failed to set forth any accepted reason to excuse his failure to exhaust.

### III. Recommendation

In consideration of the foregoing, it is the recommendation of the undersigned that the plaintiff's claims against the West Virginia Regional Jail Authority be **DISMISSED with Prejudice** for failure to name a proper defendant. Additionally, it is the recommendation of the undersigned that the plaintiff's Complaint as to defendants James Wilson and Cpl. C. Crisel be **DISMISSED without Prejudice** for failure to exhaust administrative remedies.

Within (14) fourteen days after being served with a copy of this Report and Recommendation, the plaintiff may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based on such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro*

*se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: 6-24-2013

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE