IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ANDREW PETER ARTHUR,**

        **Plaintiff,**

**v.**                  //    CIVIL ACTION NO. 1:13CV7
                                   (Judge Keeley)

**C/O JAMES MILLER,
CPL. C. CRISEL,
WEST VIRGINIA DIVISION OF CORRECTIONS,**

        **Defendants.**

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 27]
AND DENYING MOTION FOR LEAVE [DKT. NO. 26]
AND MOTION FOR HEARING [DKT. NO. 27] AS MOOT**

Pending before the Court is the magistrate judge's Report and Recommendation, (dkt. no. 27), concerning the sufficiency of the complaint of the pro se plaintiff, Andrew Peter Arthur ("Arthur"). (Dkt. No. 1). For the reasons that follow, the Court **ADOPTS** the Report and Recommendation in its entirety.

## I. Introduction

On January 17, 2013, Arthur initiated this action by filing a complaint pursuant to 42 U.S.C. § 1983 against the defendants–C/O James Miller ("Miller"), CPL. C. Crisel ("Crisel"), and the West Virginia Division of Corrections ("Division of Corrections"). Dkt. No. 1. On January 17, 2013, the Court issued a Notice of Deficient Pleading, instructing Arthur to file his complaint on a court-approved Bivens form. Dkt. No. 4. Arthur subsequently re-filed his complaint on a court-approved form on February 4, 2013. Dkt.

**ARTHUR v. MILLER**                                          **1:13CV7**

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 27]
AND DENYING MOTION FOR LEAVE [DKT. NO. 26]
AND MOTION FOR HEARING [DKT. NO. 27] AS MOOT**

No. 6. On February 5, 2013, the Court granted Arthur leave to proceed *in forma pauperis.* Dkt. No. 10.

This action was pending before United States Magistrate Judge James E. Seibert for an initial screening and a Report and Recommendation ("R&R") in accordance with LR PL P 2 and 28 U.S.C. § 1915(e). On June 24, 2013, Magistrate Judge Seibert issued an R&R regarding the sufficiency of Arthur's complaint. That R&R recommended that Arthur's complaint be dismissed for failure to properly name a defendant and failure to exhaust administrative remedies. Dkt. No. 21.

Arthur filed an objection to the R&R on July 12, 2013, (dkt. no. 25), contending that the magistrate judge improperly dismissed his complaint for failure to improperly name a defendant. Arthur then filed two motions requesting that the Court grant him leave to amend his complaint, (dkt. no. 26), and hold a status hearing in his case (dkt. no. 27). After conducting a de novo review of the portion of the R&R to which Arthur objects, the Court concludes that his objection is without merit.

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 27]
AND DENYING MOTION FOR LEAVE [DKT. NO. 26]
AND MOTION FOR HEARING [DKT. NO. 27] AS MOOT**

### II. Facts

Arthur is a prisoner who was housed at the Martinsburg Correctional Center in Martinsburg, West Virginia during the time of the incident at issue.[1] He alleges that, on October 6, 2011, the defendant, Miller, violated his Eighth Amendment rights by employing excessive force after disapproving of Arthur's attitude while speaking with medical staff. Arthur asserts that Miller sprayed mace into his eyes, struck his head against the wall, and caused him to stand in an uncomfortable position for several hours. Arthur further alleges that the defendant, Crisel, was complicit in the violation of his Eighth Amendment rights by failing to protect him from Miller's harassment. (Dkt. No. 1-1 at 1-3).

### III. Standard of Review

Where a prisoner seeks relief from a governmental entity or employee, a Court must perform a judicial review of his complaint and shall dismiss the case if it is found to be frivolous or malicious, fails to state a claim upon which relief can be granted,

---

[1] Arthur was transferred to the St. Mary's Correctional Center in St. Marys, West Virginia on November 10, 2011, which is where he currently resides.

**ARTHUR v. MILLER**                                                     **1:13CV7**

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 27]
AND DENYING MOTION FOR LEAVE [DKT. NO. 26]
AND MOTION FOR HEARING [DKT. NO. 27] AS MOOT**

or seeks monetary relief from a defendant who is immune from such a judgment. 28 U.S.C. § 1915(a)(b).

A complaint is considered frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, a complaint filed *in forma pauperis* must be construed in a liberal fashion and should only be dismissed for frivolity when the pro se plaintiff presents the court with "a claim based on an indisputably meritless legal theory," Denton v. Hernandez, 504 U.S. 25, 32 (1992), or a "fantastic or delusional" factual scenario. Neitzke 490 U.S. at 328.

**IV. Analysis**

**A. Failure to Name a Proper Defendant**

Arthur objects to the magistrate judge's findings that the Division of Corrections is not a proper defendant. he alleges that the Division of Corrections is a proper defendant pursuant to Federal Rule of Civil Procedure 17(d), since private corporations are considered persons eligible to be sued in court. Arthur's objection is without merit.

**ARTHUR v. MILLER**                                                                 **1:13CV7**

**MEMORANDUM OPINION AND ORDER ADOPTING**
**REPORT AND RECOMMENDATION [DKT. NO. 27]**
**AND DENYING MOTION FOR LEAVE [DKT. NO. 26]**
**AND MOTION FOR HEARING [DKT. NO. 27] AS MOOT**

In order to sufficiently state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that a person, acting under color of state law, has deprived him of the rights guaranteed by the Constitution or federal law.  See Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982).  Alternatively, a plaintiff may pursue a claim against a governmental entity if he can establish that the alleged violations "may be fairly said to represent official policy." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978).

Here, the Division of Corrections is not a proper defendant because it is not considered a person subject to suit under 42 U.S.C. § 1983.  See Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amendable to suit under 42 U.S.C. § 1983."). Furthermore, Arthur has not alleged facts which would tend to show that the conditions about which he complains represent an official institutional policy.  Accordingly, his claims against the Division of Corrections must be dismissed.

**ARTHUR v. MILLER**                                              1:13CV7

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 27]
AND DENYING MOTION FOR LEAVE [DKT. NO. 26]
AND MOTION FOR HEARING [DKT. NO. 27] AS MOOT**

**B. Exhaustion of Administrative Remedies**

Arthur does not object to the magistrate judge's finding that his claims against Miller and Crisel should be dismissed for failure to exhaust his administrative remedies. Thus, finding no clear error, the Court adopts the magistrate judge's findings on this matter.

## V. Conclusion

In conclusion, Arthur's objection to the R&R is without merit. The Court therefore:

1. **OVERRULES** Arthur's objection to the Report & Recommendation (dkt. no. 25);

2. **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 21);

3. **DISMISSES WITH PREJUDICE** Arthur's claims against the West Virginia Division of Corrections;

4. **DISMISSES WITHOUT PREJUDICE** Arthur's claims against James Miller and Cpl. C. Crisel;

5. **DENIES AS MOOT** Arthur's motion for leave to file an amended complaint, (dkt. no. 26), and motion for hearing,(dkt. no. 27), in light of the dismissal; and

**ARTHUR v. MILLER**                                                    1:13CV7

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 27]
AND DENYING MOTION FOR LEAVE [DKT. NO. 26]
AND MOTION FOR HEARING [DKT. NO. 27] AS MOOT**

6. **DIRECTS** the Clerk to remove this case from its active docket.

If Arthur should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within (30) days from the date of the entry on the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk to enter a separate judgment order and to transmit copies of both orders to counsel of record, all appropriate agencies, and the <u>pro se</u> plaintiff, certified mail, return receipt requested.

DATED: December 16, 2013.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE